NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STATE FARM INDEMNITY CO., | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 12-3667 (DMC)(MF) |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Motion of Defendant United States of America ("Defendant") to Dismiss the Complaint of Plaintiff State Farm Indemnity Company ("Plaintiff") pursuant to FED.R.CIV.P. 12(b)(1). Pursuant to FED.R.CIV.P. 78, no oral argument was heard. After considering the Defendant's unopposed submissions, and based upon the following, it is the finding of this Court that Defendant's Motion to Dismiss the Complaint is **granted with prejudice**.

**I. BACKGROUND**[1]

Plaintiff brings this action for reimbursement of personal injury protection ("PIP") benefits that it paid on behalf of one of its insured drivers. Plaintiff brings this action under N.J.S.A. §39:6A-9.1.

---

[1] Unless otherwise noted, the facts in this section are taken from the Complaint (Jun. 13, 2012, ECF No. 1).

1

Plaintiff insured a vehicle operated by Carmen D. Bono ("Bono"). On August 24, 2010, Bono's vehicle was involved in an accident with a United States Postal Service ("USPS") vehicle. According to the Complaint, Bono, as an insured driver, made a claim to Plaintiff for PIP benefits under the terms of her automobile insurance contract. Plaintiff then made PIP payments to and on behalf of Bono.

Subsequently, Plaintiff submitted a claim to the USPS for compensation for the property damage to the insured vehicle. Plaintiff and the USPS settled this claim. (Declaration of M. Kevin Coffey, at ¶ 1-2, ECF No. 4, Exh. 1). After this clam was settled, on March 21, 2012, Plaintiff submitted another claim to the Defendant–this time, for the reimbursement of the amount of the PIP benefits paid on behalf of Bono. Defendant denied Plaintiff's claim. Id. Plaintiff then filed a Complaint in this Court to seek reimbursement of the PIP payments.

On September 5, 2012, Defendant filed the instant Motion to Dismiss and an accompanying Moving Brief. (ECF No. 4). Plaintiff did not submit any Opposition to that filing. Defendant's Motion to Dismiss is now before this Court.

## II. STANDARD OF REVIEW

Upon a Rule 12(b)(1) motion addressing the existence of subject matter jurisdiction over a plaintiff's complaint, "no presumptive truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction-type motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the

factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). Plaintiff, as the party who has invoked federal jurisdiction, has the burden of establishing that the Court has subject matter jurisdiction. See, e.g., Horton v. United States, 144 Fed. Appx. 931, 932 (3d Cir. 2005); Martinez, 875 F. Supp. at 1071.

### III. DISCUSSION

Plaintiff brings this action for reimbursement of PIP benefits. Plaintiff claims that, under N.J.S.A. § 39:6A-9.1, the Defendant must reimburse Plaintiff for the amount expended on PIP benefits on behalf of Bono. Plaintiff claims that the Court has jurisdiction to hear this claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80.

It is well settled that the United States is immune from suit, United States v. Dalm, 494 U.S. 596, 608 (1990), unless Congress unequivocally waives sovereign immunity. Id.; Lane v. Pena, 518 U.S. 187, 192 (1996); Hercules v. United States, 516 U.S. 417, 422 (1996); Beneficial Consumer Discount Co. v. Poltonowicz, 47 F.3d 91, 93-4 (3d Cir. 1995). "Sovereign immunity is jurisdictional in nature." Federal Deposit Insurance Co. v. Meyer, 510 U.S. 471, 474 (1994). It goes to the very power of a court to entertain a suit against the United States. United States v. Sherwood, 312 U.S. 584, 591 (1941). When the United States consents to be sued, "the terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction." United States v. Bein, 214 F.3d 408, 412 (3d Cir 2000) (citation omitted).

Under the FTCA, the United States waived sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28

3

U.S.C. §§ 1346(b), 2679(b)(1). This waiver, however, is limited and strictly construed. See 28 U.S.C. §§ 2679-80; Santos v. United States, 559 F.3d 189, 193 (3d Cir. 2009); Ali v. Fed. Bureau of Prisons, 552 U.S. 214, 218 (2009); Pennbank v. United States, 779 F.2d 175, 178 (3d Cir. 1985).

With regard to the instant matter, "[t]here has been no waiver of sovereign immunity by the government to be sued as an insurer." Continental Ins. Co. v. United States, 335 F. Supp.2d 532, 543 (D.N.J. 2004) (holding that the United States has not waived its sovereign immunity with respect to claims brought under N.J.S.A. § 39:6A-9.1 for PIP benefits). Upon bringing a claim under N.J.S.A. § 39:6A-9.1 for PIP benefits, Plaintiff has sued the government as an insurer. Indeed, where an insurer seeks PIP benefits under N.J.S.A. § 39:6A-9.1, this statute allows the party to seek such benefits only from another "insurer." Therefore, the Court lacks subject matter jurisdiction over this complaint.

Continental Ins. Co. is directly analogous to the instant matter. In that case, like here, the person injured in an accident with a USPS vehicle filed an application for PIP benefits with her insurance company, and the insurance company made the PIP payments. Id. at 534. Then, like here, the insurance company brought an action seeking reimbursement for the PIP payments from the United States under N.J.S.A. § 39:6A-9.1 Id. The Court dismissed the insurance company's complaint for lack of subject matter jurisdiction because "the U.S. has not waived immunity to be sued as an insurer" under N.J.S.A. § 39:6A-9.1. Id. The Court, therefore, lacked subject matter jurisdiction and dismissed the insurance company's complaint.

Thus, like in Continental Ins. Co., because the United States has not waived its sovereign immunity with respect to claims brought under N.J.S.A. § 39:6A-9.1 to seek reimbursement of

PIP payments, the Court lacks subject matter jurisdiction over Plaintiff's Complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **granted with prejudice**. An appropriate Order accompanies this Opinion.

_____
Dennis M. Cavanaugh, U.S.D.J.

Date:         April 4, 2013
Original:    Clerk's Office
cc:           All Counsel of Record
              Hon. Mark Falk, U.S.M.J.
              File